UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL DWAIN McCONNELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 1:15CV00124 AGF |

## MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Michael Dwain McConnell was not disabled, and, thus, not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, or Supplemental Security Income under Title XVI of the Act, *id*. §§ 1381-1383f. For the reasons set forth below, the decision of the Commissioner shall be affirmed.

## BACKGROUND

Plaintiff, who was born on November 10, 1976, filed his applications for benefits on September 2, 2011, alleging a disability onset date of August 18, 2011, due to fibromyalgia, degenerative disc disease, depression, anxiety, and migraines. After Plaintiff's application was denied at the initial administrative level, he requested a hearing before an Administrative Law Judge ("ALJ"). Such a hearing was held on August 12, 2013. By decision dated December 11, 2013, the ALJ found that Plaintiff had the residual

functional capacity ("RFC") to perform certain jobs that were available in the national economy, and was thus not disabled under the Act. Plaintiff's request for review by the Appeals Council of the Social Security Administration was denied on May 15, 2015. As such, Plaintiff has exhausted all administrative remedies and the ALJ's decision stands as the final agency action now under review.

Plaintiff argues that the ALJ committed reversible error by failing to find that Plaintiff's medically documented insomnia was a severe impairment, resulting in a defective RFC assessment and credibility determination. Defendant argues that insomnia was simply a symptom of Plaintiff's depression and anxiety, which the ALJ found were severe, and there was no basis to find that insomnia was an additional or distinct severe impairment. Defendant contends that the medical evidence did not support a finding that Plaintiff had any functional limitations due to insomnia and resulting sleepiness, and further, Plaintiff's daily activities did not suggest that insomnia was impairment beyond his depression and anxiety. Defendant points out that Plaintiff did not allege insomnia as a basis for disability when he applied for benefits, nor when his claim was initially denied.

## **DISCUSSION**

### **Facts**

The Court adopts Plaintiff's Statement of Facts set forth in Plaintiff's brief, Doc. No. 13 at 1-9, with the exception of Fact No. 76 stating that "the ALJ did not discuss claimant's insomnia in his decision." The Court also adopts Defendant's Additional Statement of Facts set forth in a separate document, Doc. No. 14-2. The Court's review of

the record shows that the adopted facts are accurate and complete. Specific facts will be discussed as needed to address Plaintiff's arguments.

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court "must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole." *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011) (citation omitted). The court "may not reverse . . . merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted).

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If so, benefits are denied. If not, the Commissioner decides whether the claimant has a severe impairment or combination of impairments. An impairment, or combination of impairments, is "severe" if it more than minimally affects the claimant's ability to perform work-related activities. *Id.* § 404.1521. A special technique is used to determine the severity of mental disorders.

3

This technique calls for rating the claimant's degree of limitations in four areas of functioning: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. *Id*. § 404.1520a(c)(3).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work. If so, the claimant is not disabled. If he cannot perform his past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors – age, education, and work experience. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

Here, at Step Two of the evaluation process, the ALJ found that Plaintiff had the severe impairments of fibromyalgia, degenerative disc disease, obesity, migraine headaches, depression, and anxiety. At Step Three, the ALJ found that Plaintiff did not have a deemed-disabling impairment or combination of impairments. In assessing Plaintiff's mental impairments at these steps, the ALJ applied the special technique noted above and concluded that Plaintiff was only mildly restricted in activities of daily living, noting that by Petitioner's own testimony at the evidentiary hearing, he "maintains a regular activity schedule." The ALJ also found that Plaintiff had moderate difficulties in social functioning, and in concentration, persistence, and pace.

The ALJ then found that Plaintiff had the RFC to perform light work as defined in the Commissioner's regulations, with certain limitations, such as standing and walking for four, not six, hours per day; and to perform simple routine tasks. The ALJ relied on the testimony of a vocational expert that an individual with Plaintiff's RFC and vocational factors could perform certain jobs that existed in substantial numbers in the national economy, such as document preparer, order clerk, and eyewear assembler. Thus, the ALJ found, Plaintiff was not disabled as defined by the Act.

**Plaintiff's Insomnia**

As Plaintiff argues, the medical record documents that Plaintiff had a sleep disturbance. On August 13, 2012, he was evaluated by a psychiatrist at a community counseling center to which he was referred for problems with insomnia. He reported that he sometimes got only two or three hours of sleep at night and then slept about four or five hours during the day. The psychiatrist noted that Plaintiff had "several severe psychosocial stressors," diagnosed adjustment disorder with mixed anxiety and depressed mood, and prescribed Trazodone (an antidepressant used to treat depression and anxiety disorders). (Tr. 293-96.). At subsequent counseling appointment, it was noted that Plaintiff was awake, alert, and oriented. (Tr. 287, 285, 279, 277.) At the evidentiary hearing, Plaintiff testified that he suffered from insomnia and had taken medication for it but that it did not seem to help. He testified that sometimes he went three of four days without sleeping, and then slept for 12 hours straight. He stated that at the time of the hearing, he had not slept for 32 hours. (Tr. 49-50.) But he did not testify to any

5

work-related functional limitations that were attributed to insomnia, such as needing to nap during the day. His work history included several jobs, none of which he lost due to sleepiness.

In reviewing the evidence to support his RFC assessment, the ALJ noted, in discussing Plaintiff's depression and anxiety, that he had been found to have a sleep disturbance. Thus it is clear that the ALJ was aware of the fact that Plaintiff had such a problem. The Court believes that a rather close question is presented here. It would have been better had the ALJ made a specific finding that Plaintiff's insomnia, viewed alone or in combination with his other physical and mental impairments, presented no additional functional limitations. But the Court does not believe that failure to do so constitutes reversible error here. See *Roux v. Colvin*, No. 4:14 CV 1856 JMB, 2015 WL 5970509, at *5 (E.D. Mo. Oct. 13, 2015) ("[I]if there was any error in failing to designate Plaintiff's insomnia as severe, the error was harmless because it would not have affected the ALJ's ultimate decision of whether Plaintiff was disabled" as there appeared "to be no functional limitations from the insomnia specifically attributable to that diagnosis that are not already accounted for in the RFC for sedentary work."); *Smith v. Colvin*, 2014 WL 1018098, at *4 (W.D. Mo. Mar. 14, 2014) (rejecting claim that the ALJ failed to consider the plaintiff's insomnia where the plaintiff did not identify any work-related restrictions attributable to insomnia, such as fatigue/excessive daytime sleeping).

A case heavily relied upon by Plaintiff, *Weeks v. Colvin*, No. 1:14-CV-56 NAB, 2015 WL 5306183 (E.D. Mo. Sept. 10, 2015), is unavailing. In that case, unlike here, the

ALJ did not conduct the analysis required under 20 C.F.R. §§ 404.1520a to evaluate the effects of Plaintiff's mental impairments on the four domains of functioning. Further, the daily activities of the plaintiff in *Weeks* were much more limited than Plaintiff's in the present case.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 7th day of June, 2016